**UNITED STATES BANKRUPTY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE: TERI KIEFER                                                              CASE NO: 14-10524
DEBTOR                                                                               CHAPTER 13 CASE

**CHAPTER 13 PLAN**

FIRST MODIFIED CHAPTER 13 PLAN [MOTION FOR FRBP RULE 3012 VALUATION HEARING]

☐ Original Plan
☒ Amended plan – Date amended: 04/18/19

The debtor's future earnings are submitted to the supervision and control of the trustee, and the debtor shall pay to the trustee all disposable income in the amount of $200.00 monthly for 1-8 months and $100.00 monthly for 9-48. $23.29 monthly for month 49; and $0.00 monthly for months 50-57

[If the plan provides for payment of the full value of all claims (a 100% plan) and the debtor proposes to submit less than all disposable income to the trustee, this provision shall read as follows: A portion of the debtor's future earnings sufficient to fund the following full payment plan is submitted to the supervision and control of the trustee, and the debtor shall pay to the trustee the sum of $20.00 monthly for 1-8 months and $10.00 monthly for months 9-48; and $2.33 monthly for month 49; and 0.00 monthly for months 50-57.

The language in Section **10. Other Matters of the Plan was deleted to reflect the intended meaning of the plan which regard to the treatment of parties under the plan as agreed between the affected parties.**

From the debtor's payments to the trustee, the trustee shall distribute funds as provided in this plan:

(1) **Trustee Claims**

The trustee shall be paid $562.33 as an administrative expense entitled to priority under 11 U.S.C. § 507(a)(1) (ten percent (10%) of payments under the plan).

(2) **Priority Claims**
    A.    ATTORNEY FEES

| Attorney's Name | Total Fees | Fees to be paid in Plan | Term (Months) | Monthly Installment |
|---|---|---|---|---|
| James M. Herpin | $3,000.00 | $2,831.00 | 1-8<br>9-23<br>24 | $180.00<br>$90.00<br>$41.00 |

    B.    PRIORITY TAX CLAIMS

The following claims entitled to priority under 11 U.S.C. § 507 shall be paid in full* in deferred cash payments unless the holder of a particular claim has agreed to a different treatment of such claim, as indicated below:

| Name of Creditor | Value of Claim | Annual Interest Rate (if applicable)* | Term (Months) | Monthly Installment |
|---|---|---|---|---|
| IRS | **$0.00** | 0% | | |

1

C. DOMESTIC SUPPORT OBLIGATIONS (DSO)
1. <u>Ongoing DSO Claims.</u>
   a. ☐ None. If none, skip to subparagraph (3) "Secured Claims" below
   b. The name(s), address(es) and phone number(s), including area code, of the holder of any DSO as defined in 11 U.S.C. §101 (14A). Names of minor children must not be disclosed. Identify only as "Minor child #1," "Minor child #2," etc. See 11 U.S.C. §112.

| Name, DSO claim holder | Address, city & state | Zip code | Telephone number |
|---|---|---|---|
|  |  |  |  |

   c. Debtor(s) shall pay all **post-petition DSO** claims **directly to the holder(s)** of the claim(s), and not through the chapter 13 trustee.

2. <u>Pre-Petition Child Support Arrearages</u>
   a. ☐ None. If none, skip to subparagraph (3) "Secured Claims" below.
   b. The name, address and phone number (with area code) of the holder of every DSO arrearage claim, amount of arrearage claim and monthly payment. Names of minor children must not be disclosed. Identify only as "Minor child #1," "Minor child #2," etc. See 11 U.S.C. §112.

| Name, address, phone number of DSO claim holder | Arrearage Claim | Term Monthly Installments |
|---|---|---|
|  |  |  |

   c. The trustee shall pay DSO arrearages from the debtor's plan payments.

3. <u>DSO assigned or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B):</u>
   a. ☐ None. If none, skip to subparagraph (3) "Secured Claims" below.
   b. The debtor shall make all post-petition payments on DSO claims assigned to a governmental unit directly to the assignee of the claim, and not through the trustee.
   c. The name, address and phone number (with area code) of the holder of every assigned DSO arrearage claim, amount of arrearage claim and monthly payment amount or other special provisions. The debtor must also describe in detail any special provisions for payments of these claims in section 11 of this plan.

| Name, address, phone number of DSO claim holder | Arrearage Claim | Term Monthly Installments |
|---|---|---|
|  |  |  |

(3) **Secured Claims**

A. <u>Principal Residence</u>
   (i) <u>Current Payments.</u> Except as otherwise provided in this plan or by court order, and pursuant to 11 U.S.C. § 1322(b)(2), after the date of the petition and throughout this chapter 13 case, the debtor shall timely make all usual and regular payments required by the debt instruments secured by non-voidable liens on real property (i.e., immovable property) that is the debtor's principal residence, directly to each of the following lien creditors:

2

| Lien Holder | Security Interest | Description of Property | Monthly Installment* |
|---|---|---|---|
|  |  |  |  |

*Monthly Installment subject to fluctuations in escrow and interest rate changes.

(If the plan proposes to pay the claim in a manner different from that required by the debt instruments and security agreements, the proposed treatment must be described in detail and if not resolved by consent of all parties, shall be determined at the confirmation hearing.)

       (ii) <u>Cure of Arrearages.</u>  From funds available for distribution, the trustee shall pay arrearages to lien holders identified in plan section 3(A) in monthly installments as set forth in this plan until the allowed arrearage claim of each lien holder has been satisfied.

| Lien Holder | Total Amount of Arrearages* | Annual % Rate** | Terms (Months) | Monthly Installment |
|---|---|---|---|---|
|  |  |  |  |  |

*[If applicable: "Total includes attorney's fees, costs, late charges of $_____ and interest rate of ____%" or "Total includes pre-petition principal and interest or principal only."]

**[If applicable: "Confirmation of this plan shall constitute the cure of any default to a lien holder on the principal residence under any security agreement notwithstanding that the time for reinstatement has expired under the terms of the security agreement."]

      B. <u>Surrender of Property</u>
Upon confirmation of this plan, the debtor shall surrender to the following holders of secured claims, in full satisfaction of their claims, all of the debtor's rights under the Bankruptcy Code, applicable non-bankruptcy law or this pain to maintain an interest in the property securing their claims:

| Lien Holder | Amount of Secured Claim | Description of Collateral |
|---|---|---|
| Consumer Portfolio Services | **$20,611.83** | 2013 Nissan Rogue |

    The debtor's right under the Bankruptcy Code, applicable non-bankruptcy law or this plan to assert an interest in the collateral is deemed surrendered upon the entry of the order confirming this plan. Confirmation of this plan will operate to lift the § 362 stay, with the consent of the debtor, also to allow enforcement of the security interests held by the above claimants, under applicable non-bankruptcy law.

C. <u>Pre-Confirmation Adequate Protection</u>. Pursuant to the order of the Court, all adequate protection payments to secured creditors required by §1326(a)(1) may be made through the Chapter 13 trustee, unless otherwise ordered, in the amount provided in the plan for that creditor.  Such payments, if made by the trustee, shall be subject to the trustee's percentage fee as set by the designee of the United States Attorney General and shall be made in the ordinary course of the trustee's business, from funds on hand as funds are available for distribution to creditors who have file claim.

| Creditor name, address, last four digits of account number | Security | Amount of Claim | Term (Months) | Monthly Installment |
|---|---|---|---|---|
| | | | | |

D. <u>Secured Claims Not Determined under 11 U.S.C. §506</u>

This subsection provides for treatment of allowed claims secured by a purchase money security interest in a vehicle acquired for the debtor's personal use, incurred within 910 days before the date of the petition, or incurred within one year before the date of the petition, if the collateral for the claim is any other thing of value. *See* 11 U.S.C. §1325(a)(9).

After confirmation, the trustee will make installment payments to the holder of each listed allowed secured claim after subtracting the pre-confirmation adequate protection payments from the amount of the claim.

| Name of Creditor | Description of Property | Claim Amount | Interest Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| | | | | | |

E. <u>Secured Claims Determined under 11 U.S.C. §506</u>

Any secured claims not treated in plan sections 3(A), (B), (C), (D),  (E) or (G) shall be determined under 11 U.S.C. § 506, Federal Rule of Bankruptcy Procedure 3007 and 3012 and Local Rule 3012-1.  The trustee shall make payments to the claim holder not less than the allowed amount of the secured claim as of the effective date of the plan.  Each holder of a secured claim shall retain the lien securing the claim until the claim is paid in full. The holders of the secured claims, the debtor's proposed value and treatment of the claims are set forth below:

| Name of Creditor | Description of Property | Value of Claim | Interest Rate | Term (Months) | Monthly Installment |
|---|---|---|---|---|---|
| | | | | | |

Creditors contesting the proposed value of a secured claim must file an objection by the time prescribed by applicable local rules. The Court will take evidence to determine the value of the secured claim at the hearing on confirmation, pursuant to Federal Rule of Bankruptcy Procedure 3012.

[If applicable – The debtor has filed [or will file] a complaint to initiate an adversary proceeding in order to cancel an allegedly avoidable lien securing the claim of _____.]

F. <u>Other Direct Payments to Creditors Holding Secured Claims</u>

After the date of the petition and throughout this chapter 13 case, the debtor shall timely make all usual and regular payments required by the debt instruments secured by non-voidable liens <u>directly</u> to each of the following lien creditors:

| Creditor | Security Interest* | Description of Property/Collateral | Monthly Installment |
|---|---|---|---|
| William Shockey (Assigned Judgment of RetroHomes, Inc.) | **$17,500.00 (bearing 4% interest, all commencing month 9 of this plan to be paid monthly in amounts stated** | 11353 Fieldcrest Drive, Baton Rouge, LA 70811 (Debtor's interest 1/6th) | $300.00 – 9 through 14 $400.96- 15 through 57 |

Reason for Direct Payment: The above treatment represents a consensual resolution between the debtor and the secured creditor. Notwithstanding the fact that this claim shall be paid as a direct payment, the Court shall retain jurisdiction and relief from the Court shall be necessary in the event of default in payment. The parties shall establish either a direct payroll deduction or an automatic debit as mechanism for payment Payment shall be made to an intermediary, presumably Shockey's counsel. The secured value is established as of date of confirmation and is solely for purposes of this confirmed plan. The secured claim value shall have no bearing on other or subsequent proceedings in the event of conversion, dismissal, or relief from the automatic stay.

4. **Unsecured Claims**

   A. Class A comprises creditors holding allowed unsecured claims, except those allowed unsecured claims treated in plan section 4(B). the claims of those creditors shall be paid *pro rata* over the period of the plan as follows:

| Aggregate Amount of Unsecured Claims (as scheduled)* | Interest Rate** | Term (Months) | Monthly Installment |
|---|---|---|---|
| $31,062.34 (does not include Shockey Claim #10) | 0% | 24 | $49.00 |
|  |  | 25-48 | $90.00 |
|  |  | 49 | $20.93 |

**\*Informational purposes only; to be included in Class A the claims must be allowed.**

\*\*[If applicable; e.g., in cases requiring 100% repayment due to liquidation value of the estate].

   B. [If applicable] Class B comprises creditors holding allowed unsecured claims for which a co-debtor is liable. To maintain the stay of actions against the co-debtor pursuant to 11 U.S.C. § 1301, the trustee shall pay these creditors one hundred percent (100%) of their allowed claims plus interest on the following terms:

| Name of Creditor | Claim & Monthly Installment* | Interest Rate** | Term (Months)*** | Monthly Installment Under Plan |
|---|---|---|---|---|
|  |  |  |  |  |

\*The balance and installment under the applicable debt instrument.

\*\*As provided in the debt instrument.

\*\*\*Remaining term provided in the debt instrument.

5. **Liquidation Value**

The liquidation value of the estate is $554.76 .

6. **Present Value of Payments to Class A Unsecured Creditors**

The present value of the payments to be made to unsecured creditors under the plan using a __0%__ annual discount rate is $2278.93 .

7. **Executory Contracts and Unexpired Leases**

The debtor hereby [accepts or rejects] the following leases or executory contracts: _____

The debtor shall make all post-petition payments on assumed executory contracts and unexpired leases directly to the creditor beginning with the first payment due after the petition date.

8. **Attorney's Fees for Debtor's Counsel**
The debtor's attorney has been paid or promised $3000.00 in fees plus $281.00 to reimburse court costs by the debtor for professional services and expenses incurred in this Chapter 13 case. Approval of attorney fees and expenses will be subject to the debtor's attorney filing the Attorney Disclosure Statement in the case and will be sought in conjunction with confirmation of the plan. The debtor will seek approval of counsel's fees and expenses in conjunction with confirmation of this plan. Confirmation of the plan shall constitute approval of the fees and expenses, unless the Court disallows or reduces them.

9. **Vesting of Property**
`Upon confirmation of this plan, all property of the debtor's estate shall vest in the debtor.

10. **Other Matters**

CERTIFICATION OF COUNSEL

I hereby certify that I have explained the terms and conditions of, and obligations under, the foregoing plan to the debtor(s). **I also certify that this plan does not differ from the plan prescribed by Local Rule 3015-1(b) and Standing Order 2010-1, except as noted in the "Other Matters" section of the plan, paragraph (10).**

Baton Rouge, Louisiana, this 18th_ day of April, 2018.

Plan Date: _04/18/18_                    _s/James M. Herpin_____
                                         **James M. Herpin**, Bar No. 18257
                                         200 Government Street, Ste. 200
                                         Baton Rouge, LA  70802
                                         Telephone: (225) 242-2227
                                          _s/Teri Kiefer_____
                                         **Teri Kiefer**